**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


BLAS LASTRA GUERRERO,          :
                               :    Civil Action No. 12-7928 (JBS)
          Petitioner,          :
                               :
     v.                        :    OPINION
                               :
JORDAN R. HOLLINGSWORTH,        :
                               :
          Respondent.          :
```

**APPEARANCES:**

Blas Lastra Guerrero, #48116-018
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
     Petitioner pro se

Paul J. Fishman
United States Attorney
     By:  J. Andrew Ruymann
          Assistant U.S. Attorney
United States Attorney's Office
402 East State Street
Room 502
Trenton, NJ 08608

**SIMANDLE**, Chief Judge

Petitioner Blas Lastra Guerrero, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Jordan R. Hollingsworth.

Because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Pursuant to a guilty plea, Petitioner was convicted in the U.S. District Court for the Middle District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. App. §§ 1903(a), 1903(g), and 1903(j), and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C § 960(b)(1)(B)(ii) and 46 U.S.C. App. §§ 1903(a) and 1903(g), provisions of the Maritime Drug Law Enforcement Act ("MDLEA").[2]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] At the time of Petitioner's conviction, the MDLEA was codified at 46 U.S.C. App. §§ 1901-1904.  Subsequently, Congress

United States v. Guerrero, Criminal No. 05-0381 (M.D. Fla.).  On March 20, 2006, Petitioner was sentenced to an aggregate term of imprisonment of 135 months, to be followed by a 36-month term of supervised release.  Petitioner's projected release date is June 17, 2015.  (Answer, Ruymann Decl., Ex. 2 [Public Information Inmate Data]).

On direct appeal, Petitioner challenged only his sentence, not his conviction.  The Court of Appeals for the Eleventh Circuit affirmed the sentence.  U.S. v. Guerrero, 2006 WL 3431760, 208 Fed.Appx. 727 (11th Cir. Nov. 29, 2006).  The docket of the criminal action in the Middle District of Florida does not reflect that Petitioner ever filed a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255.

Here, Petitioner has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting two grounds for relief: (1) that, based on new caselaw out of the U.S. Circuit Court of Appeals for the Eleventh Circuit, the United States has no jurisdiction in territorial waters of other nations, and (2) that he is illegally incarcerated and that the trial court had no jurisdiction to impose sentence.  Respondent has answered; Petitioner has declined to file a reply.  Accordingly, this matter is now ready for decision.

---

recodified the MDLEA, which is now found at 46 U.S.C. §§ 70501 – 70507.  See Act of Oct. 6, 2006, Pub. L. No. 109-304, § 10(2), 120 Stat. 1485, 1658-89.

II.  ANALYSIS

Federal courts are courts of limited jurisdiction and are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case. Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.), cert. denied, 510 U.S. 946 (1993). See also Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). Here, for the reasons set forth below, this Court finds that it lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 Fed.Appx. 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence. See 28 U.S.C. § 2255.  A one-year limitations period applies to § 2255 motions. See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307

6

F.3d 117, 120 (3d Cir. 2002); Trenkler v. Pugh, 83 Fed.Appx. 468, 470 (3d Cir. 2003).

Here, Petitioner argues that, under the recent Eleventh Circuit case United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the conduct for which he was convicted is no longer considered to be a crime and he cannot now raise this issue in a § 2255 motion.  In Bellaizac-Hurtado, a case decided on direct appeal of a criminal conviction, the Eleventh Circuit addressed "the scope of congressional power to proscribe conduct abroad," or, more specifically, "whether the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a), 70506, exceeds the power of Congress to 'define and punish ... Offences against the Law of Nations,' U.S. Const. Art. I, § 8, cl. 10, as applied to the drug trafficking activities [of the defendants]."  700 F.3d at 1247. There, during a routine patrol of sovereign Panamanian waters, the United States Coast Guard observed a wooden fishing vessel operating without lights and without a flag.  The U.S. Coast Guard informed Panamanian authorities, who pursued the vessel until its occupants abandoned it and fled on land.  Panamanian authorities searched the vessel, determined that it contained 760 kilograms of cocaine, and later apprehended the former occupants of the vessel on Panamanian land.  After an exchange of diplomatic notes, the government of Panama consented to the prosecution of the four suspects in the United States.

The Eleventh Circuit held that the Maritime Drug Law Enforcement Act, as applied to the defendants there, was not a constitutional exercise of Congress's power "[t]o define and punish ... Offenses against the Law of Nations" under Article I, Section 8, clause 10 of the U.S. Constitution.  That is, the Eleventh Circuit found that drug trafficking is not a crime under customary international law and, thus, is not subject to prosecution in the U.S. under the Offenses Clause for conduct that occurs in the territorial waters of another nation.  The Eleventh Circuit explicitly distinguished and reaffirmed, however, its numerous precedents upholding the authority of Congress to prosecute drug trafficking activities conducted in <u>international</u> waters, under the Piracies and Felonies Clause, which empowers Congress "[t]o define and punish Piracies and Felonies committed on the high Seas," <u>see</u> Article I, Section 8, clause 10 of U.S. Constitution.  700 F.3d at 1257.

Petitioner's argument requires this Court to consider, in the first instance, whether the conduct for which Petitioner was convicted occurred in the territorial waters of another nation or in international waters, as this single fact determines the applicability of <u>Bellaizac-Hurtado</u> to Petitioner's conviction.

At his plea hearing, Petitioner admitted, by agreeing with the prosecutor, that on or about August 28, 2005, he and three other crew members were aboard a Columbian-registered fishing

8

vessel when that vessel was intercepted by the United States Coast Guard in the Caribbean Sea, that he was to be paid for his part in an unlawful agreement to transport five or more kilograms of cocaine on the vessel for delivery to others, that the Coast Guard seized approximately 350 kilograms of cocaine from the fishing vessel, that the government of Columbia consented to the enforcement of United States law in regards to the vessel and its crew, and that Petitioner and the other crew members were detained by the Coast Guard and brought to the United States which they first entered in the Middle District of Florida. (Answer, Ruymann Decl., Ex. 3 [Plea Transcript] at 26-27]).  The plea transcript provides no other information as to the location of the vessel in the Caribbean Sea at the time it was seized. Nor does the transcript of Petitioner's sentencing state where in the Caribbean Sea the vessel was seized.  (Answer, Ruymann Decl., Ex. 4 [Sentencing Transcript]).

   The Presentence Investigative Report ("PSR") pertaining to one of Petitioner's fellow crew members, also convicted of violating the MDLEA with respect to the same incident, stated that the vessel was intercepted "approximately 150 nautical miles south of Jamaica, in international waters, in the Caribbean Sea." Medina v. United States, 2006 WL 3784759 (M.D. Fla. Dec. 21, 2006); (Answer, Ruymann Decl., Ex. 5 [copy of Medina v. United States]).

9

In the Memorandum of Law accompanying his Petition, Petitioner places the location of the vessel at the time of its seizure at 100 miles from Jamaica.  (Mem. of Law [1] at 3.)

The United States recognizes a territorial sea of 12 nautical miles.  See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); Presidential Proclamation No. 5928, 1988 WL 1099307 (Dec. 27, 1988).  The United Nations Convention on the Law of the Sea also recognizes a territorial sea of 12 nautical miles.  See United Nations Convention on the Law of the Sea, Sec. 2, Art. 3 ("Every State has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention.") (entered into force on November 16, 1994) (ratified by Jamaica on March 21, 1983), http://www.un.org/Depts/los/convention_agreements/convention_overview_convention.htm.  As Petitioner's conduct occurred, by his own admission, at least 100 miles from Jamaica, the conduct occurred in international waters and is not rendered non-criminal by the Eleventh Circuit's Bellaizac-Hurtado decision.  Accordingly, Petitioner has failed to bring his claims within the

Dorsainvil exception and this Court lacks jurisdiction over the § 2241 Petition.

In addition, because the Petition likely would be untimely[3] if construed as a first § 2255 motion, and because of the consequences that flow from the filing of a first § 2255 motion, see generally Castro v. U.S., 540 U.S. 375 (2003), U.S. v. Miller, 197 F.3d 644 (3d Cir. 1999), it would not be appropriate to so construe the Petition and to transfer it to the court of conviction.[4]

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. See Castillo v. Hollingsworth, Civil No. 12-7831, 2013 WL 1288196 (D.N.J. March 26, 2013) (collecting cases).

---

[3] Judgment was entered against Petitioner on March 20, 2006. His appeal was decided on November 29, 2006. Accordingly, Petitioner's conviction became final 90 days later, on February 27, 2007, when the time to petition the U.S. Supreme Court for a writ of certiorari expired. See Sup.Ct.R. 13. This Petition is dated December 12, 2012, substantially more than one year later. See 28 U.S.C. § 2255(f).

Although the limitations period is subject to equitable tolling, a petitioner is entitled to such tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not alleged any facts suggesting a basis for equitable tolling.

[4] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

11

III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              Jerome B. Simandle
                                              Chief Judge
                                              United States District Court

Dated: **April 11, 2013**